## Killian v. Killian

*McCrea & McCrea,* for plaintiff.
*Hilton A. Russell,* for defendant.

SHUGHART, P. J., February 18, 1953. — The complaint in the above action in divorce was filed May 17, 1951, and a general appearance was entered on behalf of defendant on May 24, 1951, pursuant to a written power of attorney, as required by local rules of court.

On application of plaintiff, a master was appointed July 31, 1951, and a hearing held September 11, 1951. An adjourned meeting, in which the testimony consisted of one page, dealing with the matter of support paid by defendant to plaintiff for the children born to the parties, only, was held on May 8, 1952.

The report of the master was filed July 18, 1952.

The matter was submitted to the court on February 17, 1953.

Despite the apparent lack of diligence in the prosecution of the action, the record contains no explanation for the delay, neither the delay between the first and second hearings nor the delay in submitting the matter to the court after the master's report was filed.

Under the circumstances, we feel that an affidavit should be filed by plaintiff, explaining the reasons for

the delay, and further, stating whether or not there has been a resumption of cohabitation between the parties in the meanwhile. If the latter is a fact, then plaintiff should apply for an amendment to the complaint and the matter be resubmitted to the master for further hearing.

If there has been no resumption of cohabitation, then upon the filing of the affidavit, a rule will be issued on defendant to show cause why a decree in divorce shall not be entered as prayed for.

And now, February 18, 1953, at 11:50 a.m., pursuant to the foregoing opinion, plaintiff is directed to file an affidavit setting forth the reasons for the delay in the prosecution of the action; thereafter, a rule is granted upon defendant to show cause why a decree in divorce shall not be entered, said rule to be served upon defendant by registered mail, return receipt requested, and to be returnable 10 days after service. If no answer is filed to the rule, the matter may be submitted to the court upon furnishing proof of the service of the rule.